

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 28, 2022

**BY ECF**
The Honorable Loretta A. Preska
Senior United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

      Re:    *United States v. Ryan Campbell*, **14 Cr. 130 (LAP)**
              *United States v. Ryan Campbell*, **14 Cr. 254 (LAP)**

Dear Judge Preska:

      The Government respectfully submits this letter in response to defendant Ryan Campbell's request for early termination of supervised release (Dkt. No. 286). For the reasons set forth below, the Government opposes the defendant's request.

## Background

      The defendant pled guilty in case 14 Cr. 130 (LAP) for his active participation in a violent robbery crew that targeted jewelry stores up and down the East Coast of the United States. The defendant participated in the conspiracy by driving his co-conspirators to a jewelry store robbery in New Canaan, Connecticut on November 6, 2013, where at least four of his co-conspirators used a hammer to break the glass storefront window and stole approximately $55,000 in watches, which the defendant had agreed to fence. The defendant also pled guilty in a separate case that was pending before the Honorable Shira A. Scheindlin, 14 Cr. 254 (SAS), for his participation in a bank fraud conspiracy whose members acquired stolen checks from the U.S. mail and then deposited the checks into bank accounts established with fraudulent information. The defendant used a stolen identity to open fraudulent bank account that was used to perpetrate this fraud. In that case, the defendant pled guilty to bank fraud conspiracy and aggravated identity theft. The two cases were then consolidated before Judge Scheindlin, who sentenced the defendant to 70 months of imprisonment for the jewelry store conspiracy and the bank fraud conspiracy, to be followed by 24 months of imprisonment for the aggravated identity theft count, with 36 months of supervised release to follow his sentence. As part of his sentence, the defendant was ordered to pay restitution in the amount of $523,751.45 to the victims of his crimes.

      The defendant was released from custody in approximately December 2020 and has served approximately 21 months of supervised release. Since his release from imprisonment, Mr. Campbell agreed to pay $265 per month towards his restitution obligation. However, he has defaulted on a number of monthly payments, and has had to make lump sum payments to reduce

or eliminate the arrears after being reminded by his supervising Probation Officer. Moreover, there is approximately $512,000 of restitution that remains to be paid by the defendant.

## Applicable Law

The Court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Among other things, the Court must first consider certain of the factors set forth in 18 U.S.C. § 3553(a), including "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). *See* 18 U.S.C. § 3583(e).

"A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Flores*, No. 99–CR–1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010). Rather, "full compliance with the terms of supervised release is what is expected of [the defendant] ... and does not warrant early termination." *United States v. Rasco*, No. 88 Cr. 817, 2000 WL 45438, at *1 (S.D.N.Y. Jan. 18, 2000).

Early termination of probation "is not warranted as a matter of course." *See United States v. Gerritson*, No. 01 cr. 1081, 2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004). "Rather, the defendant must show that there is a 'new or unforeseen circumstance,' such as exceptionally good behavior." *Id.* (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Early termination is not warranted where a defendant did nothing more than that which he was required to do by law. *See United States v. Medina*, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998) ("Unblemished" conduct while under supervision cannot alone be classified as "exceptional" and "cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule."); *see also United States v. Caruso*, 241 F.Supp.2d 466, 469 (D.N.J. 2003) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation, rather this is simply what is expected of Defendant.").

## Discussion

Campbell's application for early termination asserts that he (a) "has complied with all the terms and conditions of his supervised release;" (b) "has proven that he is no threat to public safety;" and (c) has a "commitment to becoming a better person" as demonstrated by his "exemplary prison record" and compliance with the terms of supervised release. (Dkt. No. 51 at 4). However, it is clear that full compliance with the terms of supervised release "does not warrant early termination." *Rasco*, 2000 WL 45438, at *1. Campbell proffers no extraordinary burden that supervised release is placing on him. Moreover, in making this decision the Court must consider the need to provide restitution to the victims of Campbell's offenses, 18 U.S.C. § 3553(a)(7); 3583(e), and his spotty record with respect to his restitution obligations makes him a poor candidate for early termination.

Accordingly, the Government respectfully submits that the defendant's petition should be denied. The Government has conferred with the United State Probation Office, which concurs with the Government's position.

>                    Respectfully submitted,
>
>                    DAMIAN WILLIAMS
>                    United States Attorney
>
>         by:   _____/s/_____
>                    Richard Cooper / Andrea Griswold / Negar Tekeei
>                    Assistant United States Attorneys
>                    (212) 637-1027 / -1205 / -2482

cc  Ryan Campbell
    2054 Pacific Street
    Brooklyn, NY 11233
    (by U.S. mail)