UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA    :        14-cr-130 (LAP)
                            :        14-cr-254 (LAP)
                            :
            v.              :        ORDER
                            :
RYAN CAMPBELL,              :
                            :
            Defendant.      :
------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

     Before the Court is Defendant Ryan Campbell's request for
early termination of supervised release.  (Dkt. no. 51 in 14-cr-
254.)  The Government opposed. (Dkt. no. 53 in 14-cr-254.)  For
the reasons set out below, the motion is denied.

## I.   **Background**

     The Defendant pled guilty in case 14 Cr. 130 (LAP) for his
active participation in a violent robbery crew that targeted
jewelry stores up and down the East Coast of the United States.
The Defendant participated in the conspiracy by driving his co-
conspirators to a jewelry store robbery in New Canaan,
Connecticut on November 6, 2013, where at least four of his co-
conspirators used a hammer to break the glass storefront window
and stole approximately $55,000 in watches, which the Defendant
had agreed to fence. The Defendant also pled guilty in a
separate case that was pending before the Honorable Shira A.

1

Scheindlin, 14 Cr. 254 (SAS), for his participation in a bank fraud conspiracy whose members acquired stolen checks from the U.S. mail and then deposited the checks into bank accounts established with fraudulent information. The Defendant used a stolen identity to open a fraudulent bank account that was used to perpetrate this fraud. In that case, the Defendant pled guilty to bank fraud conspiracy and aggravated identity theft. The two cases were then consolidated before Judge Scheindlin, who sentenced the defendant to 70 months of imprisonment for the jewelry store conspiracy and the bank fraud conspiracy, to be followed by 24 months of imprisonment for the aggravated identity theft count, with 36 months of supervised release to follow his sentence. As part of his sentence, the Defendant was ordered to pay restitution in the amount of $523,751.45 to the victims of his crimes.

The Defendant was released from custody in approximately December 2020 and has served approximately 21 months of supervised release. Since his release from imprisonment, Mr. Campbell agreed to pay $265 per month towards his restitution obligation. However, he has defaulted on a number of monthly payments, and has had to make lump sum payments to reduce or eliminate the arrears after being reminded by his supervising

Probation Officer. Moreover, there is approximately $512,000 of restitution that remains to be paid by the defendant.

## II.  Applicable Law

The Court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Among other things, the Court must first consider certain of the factors set forth in 18 U.S.C. § 3553(a), including "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). See 18 U.S.C. § 3583(e).

"A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." United States v. Flores, No. 99-CR-1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010). Rather, "full compliance with the terms of supervised release is what is expected of [the defendant] ... and does not warrant early termination." United States v. Rasco, No. 88 Cr. 817, 2000 WL 45438, at *1 (S.D.N.Y. Jan. 18, 2000).

Early termination of probation "is not warranted as a matter of course." See United States v. Gerritson, No. 01 cr. 1081,

2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004). "Rather, the
defendant must show that there is a 'new or unforeseen
circumstance,' such as exceptionally good behavior." Id. (citing
United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Early
termination is not warranted where a defendant did nothing more
than that which he was required to do by law. See United States
v. Medina, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998) ("Unblemished"
conduct while under supervision cannot alone be classified as
"exceptional" and "cannot be sufficient reason to terminate
[supervision] since, if it were, the exception would swallow the
rule."); see also United States v. Caruso, 241 F.Supp.2d 466,
469 (D.N.J. 2003) ("Merely complying with the terms of his
probation and abiding by the law are not in and of themselves
sufficient to warrant early termination of probation, rather
this is simply what is expected of Defendant.").

**III. Discussion**

In support of his application, Defendant notes that he has
complied with the terms and conditions of supervised release, no
longer poses a threat to public safety, and is committed to
becoming a better person. (Dkt. no. 51 at 4.)  As the Applicable
Law makes clear, even full compliance with the terms and
conditions of supervised release is not sufficient to warrant
early termination.

In any event, Defendant's spotty payment of restitution counsels against early termination of supervised release.  Given the brazen stealing of the victims' property in this case, robust restitution is required.

**IV.   Conclusion**

Accordingly, the request for early termination of supervised release (dkt. no. 51 in 14-cr-254) is denied.

The Clerk of the Court shall mail a copy of this order to Mr. Campbell.

**SO ORDERED.**

Dated:      New York, New York
            September 29, 2022

_____
LORETTA A. PRESKA
SENIOR UNITED STATES DISTRICT JUDGE